# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ELADIO PEREZ, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> v.<br><br>SPINE AND JOINT INSTITUTE OF MILWAUKEE, INC. and KEARY BILKA,<br><br>    Defendants. | Case No.: 18-cv-1469<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection Practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Eladio Perez is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Perez is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5. Perez is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the alleged debt arose from a consumer transaction that included agreements to defer payment.

6. Defendant Spine & Joint Institute of Milwaukee, a.k.a. Milwaukee Spine & Joint Center ("Milwaukee Spine") is a domestic corporation limited liability company with its principal offices located at 1631 West Lincoln Avenue, Milwaukee, WI 53215.

7. Milwaukee Spine regularly provides medical and other services to individuals pursuant to an agreement to defer payment – consumers are billed several days or weeks after receiving services. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment.'").

8. Milwaukee Spine is thus a "merchant" as defined in the WCA, as the alleged debts arise from use of Plaintiff's consumer credit accounts. Wis. Stat. § 421.301(25) ("The term [merchant] includes but is not limited to a seller, lessor, manufacturer, creditor, arranger of credit and any assignee of or successor to such person.")

9. Milwaukee Spine, both directly and indirectly, collects debts that are allegedly owed to Milwaukee Spine. Milwaukee Spine regularly mails bills and letters seeking payment to consumers, and also hires debt collectors and attorneys such as Keary Bilka to collect debts on Milwaukee Spine's behalf.

10. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, *directly or indirectly*, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added).

11. Wis. Stat § 427.103(2) states: "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."

12. On its face, the WCA's regulation of debt collectors applies without distinction to creditors collecting on their own behalf, to creditors who hire other debt collectors to collect on the creditor's behalf, and to third-party debt collectors acting on behalf of creditors. *See* Wis. Stat. § 427.103(3).

13. The Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

14. The Wisconsin Department of Financial Institutions has likewise designated merchants and creditors as "Debt Collectors" under the WCA:

> Anyone attempting to collect a debt arising from a consumer credit transaction in Wisconsin, whether a merchant doing its own debt collecting or a third-party debt collector, must follow Wisconsin's debt collection law, Ch. 427, Wis. Stats. This is an important point because many merchants collecting debt owed directly to them mistakenly believe that they are exempt from Wisconsin's debt collection law because they are not included within the definition of "debt collector" under the federal Fair Debt Collection Practices Act.

https://www.wdfi.org/wca/business_guidance/creditors/debt_collection/.

15. Milwaukee Spine, directly or indirectly, is a debt collector under Wis. Stat. § 427.103(3).

16. Any entity meeting the definition of a "debt collector" (here, Milwaukee Spine) is vicariously liable for the actions of a second company collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt

3

collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

17. Milwaukee Spine, is a debt collector as that term is defined in Wis. Stat. § 427.103.

18. Defendant Keary Bilka ("Attorney Bilka") is an attorney licensed to practice law in Wisconsin with his principal office located at 935 South 8th Street # 202, Manitowoc, WI 54220.

19. Upon information and belief, Attorney Bilka is a sole proprietor, doing business under the fictitious or trade name "Bilka Law Office."

20. Attorney Bilka is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

21. Attorney Bilka is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

22. Attorney Bilka is a debt collector as defined in 15 U.S.C. § 1692a Wis. Stat. § 427.103.

## FACTS

23. On or about February 28, 2017 Silvia Guzman ("Guzman") received personal medical and/or chiropractic services at Milwaukee Spine in a transaction in which Milwaukee Spine agreed to defer payment.

24. Guzman resides at the same address as Plaintiff Eladio Perez ("Perez").

25. Guzman and Perez are not, and have never been, married.

26. Upon information and belief, at some point prior to August 7, 2018, Milwaukee Spine retained Attorney Bilka to represent Milwaukee Spine in an effort to satisfy the alleged debt Guzman owes to Milwaukee Spine.

4

27. On August 7, 2018, Attorney Bilka initiated a legal action against Guzman for the alleged debt owed to Milwaukee Spine by filing a complaint in Wisconsin State Court ("the State Court Action").

28. Attorney Bilka also named Perez as a defendant in the State Court Action.

29. At some point prior to August 30, 2018, at the direction of Attorney Bilka, Perez was served with a summons and complaint in the State Court Action signed by Attorney Bilka. A copy of the summons and complaint in the State Action served upon Plaintiff are attached to this Complaint as Exhibit A.

30. Upon information and belief, Exhibit A is a form complaint.

31. Exhibit A states:

> 3. The plaintiff provided certain services and/or goods to one defendant, or to one or both defendants if two are named, and/or to a minor child of each defendant, on or about 02/28/17; and by virtue of the necessity for and/or the requesting of those services and goods, and the relationship of each defendant to the recipient of them, each defendant is obligated to pay money to the plaintiff in an agreed amount or, absent an actual agreement on the amounts to be paid, in the amount of the reasonable value of those services and goods.

32. Perez did not receive any goods and/or services from Milwaukee Spine.

33. Upon information and belief, it is uncontested that Perez did not receive any goods and/or services from Milwaukee Spine.

34. Perez and Guzman did not have a minor child in or around February 28, 2017.

35. The only alleged theory of liability for Perez articulated by Exhibit A is therefore that Perez is liable for Guzman's alleged debt "by virtue of the necessity for and/or requesting of those services and goods, and the relationship of each to defendant to the recipient of them." Exhibit A.

5

36. Exhibit A thus describes a theory of liability for Perez under what may be referred to as the "Doctrine of Necessaries," a common law principal modified by the Wisconsin Marital Property Act. *See* Wis. Stat. §§ 765.001; 766.55, 803.045; *St. Mary's Hospital Medical Center. v. Brody*, 186 Wis. 2d 100, 112 (Wis. App. 1994).

37. The Doctrine of Necessaries, however, utterly fails to provide a viable legal theory under which Perez may be held liable for the alleged debt of Guzman because, *inter alia*, Guzman and Perez are not, and never were, legally married, and the medical services provided to Guzman were not provided to or for the benefit of any minor child.

38. Exhibit A does not allege Perez and Guzman are married, instead alleging merely that "the defendants are adults residing at 2722 E. Holmes Avenue, Cudahy, WI 53110-1321."

39. Therefore, Exhibit A fails to state any cognizable claim against Plaintiff.

40. Indeed, Milwaukee Spine has no legally cognizable claim against Plaintiff.

41. Defendants are attempting to collect a debt from Perez that Perez does not owe and has never owed.

42. Plaintiff was confused by Exhibit A.

43. The unsophisticated consumer would be confused by Exhibit A.

### *The FDCPA*

44. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp. Solutions*, 2018 U.S. Dist. LEXIS 50016, *12, 2018 WL 1513043 (E.D. Wis. March 27, 2018); *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149,

2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

45. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

46. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

47. 15 U.S.C. § 1692e(2)(A) specifically prohibits "the character, amount, or legal status of any debt."

48. 15 U.S.C. § 1692e(5) specifically prohibits the "The threat to take any action that cannot legally be taken or that is not intended to be taken."

49. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

50. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

51. 15 U.S.C. § 1692f(1) specifically prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

## *The WCA*

52. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

53. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

54. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

55. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, including punitive damages. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

56. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

57. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

9

58. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

59. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer . . . in such a manner as can reasonably be expected to threaten or harass the customer."

60. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer . . . ."

61. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

62. Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## **COUNT I - FDCPA**

63. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

64. Count I is brought against Defendant Keary Bilka.

65. By naming Plaintiff on the complaint in the State Action to satisfy an alleged debt owed by another individual to whom Plaintiff is not legally married, Exhibit A includes representations which are false, deceptive, and misleading as to the legal status of the alleged debt relative to Plaintiff, threatens to take action against Plaintiff which neither Attorney Bilka nor

10

Milwaukee Spine are legally entitled to take, and seeks to collect an amount from Plaintiff neither Attorney Bilka nor Milwaukee Spine are legally entitled to seek.

66. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1).

## COUNT II - WCA

67. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

68. Count II is brought against both Defendants.

69. By naming Plaintiff on the complaint in the State Action to satisfy an alleged debt owed by another individual to whom Plaintiff is not legally married, Exhibit A threatens to take action against Plaintiff which neither Attorney Bilka nor Milwaukee Spine are legally entitled to take, and seeks to collect an amount from Plaintiff neither Attorney Bilka nor Milwaukee Spine are legally entitled to seek, and could reasonably be expected to threaten or harass Plaintiff.

70. Defendants violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

## CLASS ALLEGATIONS

71. Plaintiff brings this action on behalf of a class consisting of (a) all natural persons in the State of Wisconsin (b) against whom Attorney Bilka initiated a legal action, (c) seeking to collect a debt owed to Milwaukee Spine for personal, family, or household purposes, (d) who were named as defendants in such legal action because they cohabitate with the person who actually received services from Milwaukee Spine, but who are not legally married to such person or the parent and/or guardian of such person, and (e) who did not enter into an agreement to be responsible for payment
11

Case 2:18-cv-01469-WED    Filed 09/19/18    Page 11 of 13    Document 1

with Milwaukee Spine (f) who were served with a summons to such legal action between September 19, 2017 and September 19, 2018, inclusive.

72. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each class.

73. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are whether Defendant complied with the FDCPA.

74. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

75. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

76. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

77. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: September 19, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com